Lynn S. Walsh, OSB #924955
email: walsh@europa.com
209 SW Oak Street
Suite 400
Portland, Oregon 97204
Telephone: 503-790-2772
Facsimile: 503-227-6840
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JESSE FANUS,<br><br>    Plaintiff,<br><br>  vs.<br><br>JEFF PREMO,<br><br>    Defendants. | NO.<br><br>COMPLAINT<br>Violation of Civil Rights (42 U.S.C. § 1983) - Declaratory and Injunctive Relief, and Damages |

   This is a civil rights action brought under 42 U.S.C. § 1983 concerning the imposition of unconstitutional rules, policies, practices and procedures used by the superintendent of the Oregon State Penitentiary when classifying and housing a prisoner on death row. Plaintiff, who does not currently have a death sentence, is housed on death row pursuant to ODOC's automatic placement rule which fails to provide the most basic procedural protections to death row prisoners. Plaintiff is seeking relief declaring the automatic placement rule as unconstitutional,

Page 1   COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

injunctive relief requiring the prison to classify plaintiff pursuant to the classification procedures used in classifying all prisoners, and damages for the loss of his liberty interest.

## Jurisdiction

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

## Venue

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b).

## Parties

3. Plaintiff Jesse Fanus is a prisoner of the Oregon Department of Corrections (ODOC) and he is currently confined on Death Row at the Oregon State Penitentiary (OSP) in Salem, Oregon.

4. Defendant Jeff Premo is the superintendent of OSP and an employee of ODOC. He is sued in both his official and individual capacity. As superintendent, Mr. Premo is ultimately responsible for all aspects of a smooth running institution. As such, he is responsible for directing the daily operation of the institution in compliance with the United States Constitution, federal statutes, and correctional case law. At all times relevant, Mr. Premo was acting under color of state law.

Page 2    COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

Case 6:14-cv-00935-AA    Document 1    Filed 06/10/14    Page 3 of 10

**Facts**

5.  In 1999 plaintiff Jesse Fanus was convicted of aggravated murder and sentenced to death. He was also convicted of lesser charges and sentenced to a total of 17.5 years with no eligibility for any form of release.

6.  Since his transfer to ODOC shortly after sentencing in 1999, Mr. Fanus has been a resident of Death Row at OSP.

7.  In October, 2012, Mr. Fanus' death sentence was set aside upon his motion for post-conviction relief because of the ineffectiveness of his trial counsel. He is currently awaiting a new sentencing trial.

8.  Although Mr. Fanus currently does not have a death sentence and wishes to be moved to general population, Mr. Premo refuses to move Mr. Fanus from death row. His current criminal defense lawyer, Richard Wolf, has made countless efforts to persuade the prison authorities to move Mr. Fanus off Death Row. Likewise, Mr. Fanus has exhausted his administrative remedies regarding this issue by filing a grievance and grievance appeal requesting reclassification and transfer off of death row.

9.  On or about September 12, 2013, Mr. Fanus' criminal defense lawyers filed (in State Court) a Motion to Compel The Oregon Department of Corrections to Move Mr. Fanus to General Population, Or, In the Alternative, to Limit the State's Evidence on Capital Sentencing Question "Two," Codified at ORS 163.150(1)(b)(B). Question "Two" asks "Whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society."

Page 3              COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

10. Mr. Fanus was essentially arguing in State Court that his conditions of confinement violate the Due Process Clause and the Eighth Amendment against cruel and unusual punishment. In addition, Mr. Fanus was arguing that state actors were preventing Mr. Fanus from developing relevant evidence permitting jurors to give a negative response to sentencing question "Two."

11. The Oregon Department of Justice (ODOJ) argued that the state court could not interfere in the operations of ODOC and suggested alternatives such as the filing of an administrative grievance and the subsequent filing of a 1983 federal rights lawsuit. The state court agreed. As a result, Mr. Fanus has followed the suggestions of the ODOJ and has exhausted the administrative grievance procedure (the grievance and appeals were denied), and is now filing this lawsuit alleging a violation of his civil rights, specifically the violation of the Due Process Clause.

## Conditions on Death Row vs. General Population

12. In Oregon, Death Row is a particular location in the Oregon State Penitentiary where the conditions of confinement are far more restrictive, with substantially fewer freedoms and privileges than those which exist in General Population. All prisoners with a death sentence are housed on Death Row with the exception of two, a woman who is housed in the women's prison, and a man with special medical issues.

13. All prisoners who are convicted of Aggravated Murder, but do not have death sentences, are subject to the classification process, and housed in the General Population of the prisons (assuming they have no disciplinary, security, or other special concerns).

Page 4    COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

14. Plaintiff's conditions of confinement on death row are extreme and atypical of conditions in the general population units at OSP.  On Death Row, prisoners spend the vast majority of their time in their cells, up to approximately 22-23 hours per day.  On Death Row, the prisoners eat all of their meals alone in their cells, they are allowed only 1.5 hours of yard time per day, five days per week, where they are limited to certain caged outdoor areas.  They are provided another 40 minute walk per day for showering, using the phone, exercise, and socialization.  All visitation is non-contact visitation (i.e., through glass and talking on a phone).  There are almost no educational programs, and no drug and alcohol treatment programs available to death row prisoners.  There are few jobs available to Death Row prisoners, at wages far less than those available in General Population.  In short, Death Row prisoners lead a life of isolation, they are deprived of meaningful human contact, and they are deprived of most other incentives and privileges that are available in prison life.  They live what can only be described as a miserable existence until they die a natural death, or, in very rare circumstances, executed.

15. In general population, prisoners have access to numerous educational programs, drug and alcohol programs, job training, good jobs, long hours of recreation, games, sports, contact visits, hobbies, meals in the chow hall, and socialization with other prisoners.  They have access to the open prison yard, complete with a jogging track and basketball courts.  They enjoy the near-constant company of others.  They may socialize and play games together in common areas, they eat communal meals every day, receive regular contact visits from family and friends, and are provided group religious and educational programming.  In other words, the experience for general population inmates at OSP or other ODOC facilities is hardly a solitary one.

Page 5         COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

16. In general population, even those convicted of aggravated murder and serving life sentences, have available to them the incentives and privileges that may be available to all other prisoners.

### Classification Procedures

17. Inmates are assigned a Custody Level which is one of five levels of supervision assigned to an inmate through initial and classification review procedures. The highest Custody Level is Level 5 which is assigned where an inmate "has demonstrated behaviors causing serious management concerns, or has demonstrated behaviors that in the judgment of the Department present a threat sufficient to require special security housing on intensive management status," or "has a sentence of death."

18. In short, the Oregon Administrative Rules require death row offenders to be automatically and permanently placed in the above-described restrictive conditions—contrary to the practice for all other prisoners in Oregon. (See OAR 291-104-0111.) These prisoners are never evaluated using the multi-factor scoring guide. Their sentence conclusively determines their placement. They are likewise ineligible for any subsequent classification review by ODOC. In other words, a death row prisoner's placement is permanent.

19. Up until the time that Mr. Fanus began asking to be moved to general population, the rule did not prevent reclassification for those whose death sentences have been overturned. ODOC has since amended the rule so that a Level 5 classification includes the offender who "[h]as a sentence of death, *or is pending retrial in a case in which a death sentence may be reimposed.*" (emphasis supplied.) OAR 291-104-0111.

Page 6     COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

20.     Mr. Premo and ODOC have failed to provide any process whatsoever to Mr. Fanus before imposing, and while continuing to impose, the harsh conditions of death row upon Mr. Fanus.

## ODOC's Classification Rule regarding Death Row Inmates Serves no Legitimate Penological Purpose

21.     According to Frank Thompson, Superintendent of OSP December 1994-April 1998, research indicates that inmates released back to general population from death row do not represent a greater security risk than would be the case with other inmates convicted of violent crimes, but were never on death row.   See "A Statement in Favor of Passage of the Oregon Death Penalty Repeal Amendment (2014)" by Frank Thompson, Retired Oregon Prison Superintendent.

22.     Likewise, Mr. Thompson states that in states that do not have the death penalty, inmates serving sentences of life without the possibility of parole are not found to pose a greater or unique risk to prison operations.   He also states that prisoners serving life without the possibility of parole are less likely than other inmates who might be sentenced for violent crimes to become involved in other violent behaviors.   "Put another way, according to available data, as a group, inmates released from death row to appropriate levels of security custody and general population, do not present a unique or increased risk."   Where there is a security risk, implementation of the classification system will guide appropriate housing and supervision arrangements so that threats to security can be properly managed.   See "A Statement in Favor of Passage of the Oregon Death Penalty Repeal Amendment (2014)" by Frank Thompson, Retired Oregon Prison Superintendent.

Page 7          COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

23. In light of the available studies, ODOC's automatic placement of prisoners on death row serves no legitimate penological purpose.

## CLAIM FOR RELIEF

### (Violation of 42 USC 1983)

24. Mr. Fanus's current placement on death row imposes an atypical and significant hardship on him.

25. Mr. Fanus has a protectable liberty interest in avoiding his current placement on death row.

26. ODOC's automatic placement policy for those who have a death sentence (and those with a pending retrial where the death sentence may be imposed) fails to provide the most basic procedural protections to those offenders.

27. ODOC's automatic placement policy for those who have a death sentence (and those with a pending retrial where the death sentence may be imposed) serves no legitimate penological purpose.

28. In addition, the permanent nature of the policy forecloses any after-the fact-process, i.e., plaintiff has had no subsequent opportunity to contest his placement because classification review is not available to death row inmates on any basis.

29. In short, Plaintiff has been deprived of safeguards against erroneous placement in conditions that are more restrictive than necessary by virtue of his pending retrial where there is the possibility of the imposition of the death penalty.

Page 8         COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

30. ODOC's classification policies, procedures and rules violate rights secured to Mr. Fanus by the Eighth and Fourteenth Amendments to the U.S. Constitution and are thus a violation of 42 U.S.C. § 1983.

31. Defendants' unconstitutional conduct is ongoing and will continue to violate Plaintiff's constitutional rights.

32. Mr. Fanus seeks declaratory relief declaring that ODOC's classification policies, rules, procedures and practices as a violation of the due process clause of the 14th Amendment.

33. Mr. Fanus seeks injunctive relief requiring Mr. Premo to comply with the demands of due process, and perform a classification review for Mr. Fanus, and to house him based upon the review.

34. Plaintiff is also seeking economic and noneconomic damages for the unconstitutional conditions of confinement in an amount to be determined at trial, and his attorney fees and costs pursuant to 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests relief as follows:

a. For a preliminary and permanent injunction requiring Mr. Premo to perform a classification review for Mr. Fanus and to house him based upon that review;

b. A declaratory judgment pursuant to 28 USC § 2201 finding that the current ODOC classification rules regarding death row inmates are unconstitutional;

c. Economic and non-economic damages resulting from the unconstitutional conditions of confinement;

d. An award of costs and attorney's fees under 42 U.S.C. § 1988; and

Page 9    COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com

e.  Such other relief as the Court deems just and equitable.


DATED:   6/10/2014          /s/ Lynn S. Walsh
                            Lynn S. Walsh, OSB #924955
                            (503)790-2772
                            walsh@europa.com
                            Attorney for plaintiff

Page 10        COMPLAINT

LYNN S. WALSH,
OSB#92495
Suite 400
209 SW Oak Street
Portland, Oregon 97204
(503) 790-2772
walsh@europa.com